# IN THE SUPREME COURT OF THE STATE OF DELAWARE

TRANSPERFECT GLOBAL, INC. §
and PHILIP R. SHAWE, §
§ No. 131, 2022
Plaintiffs Below, §
Appellants, § Court Below—Court of Chancery
§ of the State of Delaware
v. §
§ C.A. Nos: 9700-CM and 10449-CM
ROBERT PINCUS, §
§
Defendant Below, §
Appellee. §

Submitted: October 26, 2022
Decided: November 17, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

# **O R D E R**

This 17th day of November, 2022 after consideration of the parties' briefs and the record on appeal, it appears to the Court that:

1. The background of this litigation and, in particular, the history of the disputes between TransPerfect Global, Inc. and Philip R. Shawe (collectively, "TPG"), on the one hand, and TransPerfect's court-appointed custodian, Robert B. Pincus, on the other hand, are set forth in detail in prior opinions and orders of this Court.[1]

---

[1] *TransPerfect Global, Inc. v. Pincus*, 278 A.3d 630 (Del. 2022); *Shawe v. Elting*, 157 A.3d 152 (Del. 2017); *TransPerfect Global, Inc. v. Pincus*, 224 A.3d 203, 2019 WL 7369433 (Del. Dec. 31, 2019) (TABLE).

2. This appeal stems from the Court of Chancery's denial of TPG's motion to terminate the escrow agreement executed in connection with the court-ordered sale of TransPerfect (the "Escrow Agreement"). In accordance with the securities purchase agreement under which Elizabeth Elting sold her 50% interest in TransPerfect to Shawe, the Escrow Agreement established an escrow account funded with $9 million from the purchase price, $5 million of which was held for amounts payable to the custodian or his advisors (the "Escrow Fund").

3. Of particular relevance here is Section 2.2 of the Escrow Agreement, which provides that the Escrow Fund shall survive until the later of two dates: "(a) three (3) years following the Closing and (b) one (1) year after any claim that exists against the custodian is resolved pursuant to a final, nonappealable order of a court of competent jurisdiction."[2] The closing occurred on May 7, 2018.

4. We agree with the Court of Chancery's conclusion that the Escrow Fund has not terminated by its terms. Certain of TPG's motions, including the February 6, 2020 contempt motion filed against Pincus and his law firm, the February 27, 2020 motion to preclude Pincus from recovering contempt-sanction fees, and the March 2, 2021 motion seeking attorneys' fees from Pincus for alleged bad faith conduct (the "Motions"), constitute "claims" under Section 2.2 of the

---

[2] App. to Opening Br. at A03182.

Escrow Agreement.[3] TPG appealed the Court of Chancery's denial of these motions to this Court, and we affirmed the Court of Chancery's judgment on June 1, 2022. The mandate in each of the consolidated appeals issued on June 21, 2022.[4] Thus, less than one year has passed since these claims were resolved. Moreover, the Court of Chancery did not err when it declined to address the "unripe" issue of whether "purely hypothetical" claims identified in the future would permit the Escrow Fund's survival under Section 2.2.

5.     Nor is Pincus estopped from seeking payment from the Escrow Fund. The Escrow Fund is "a non-exclusive source of funds for securing" amounts payable to the custodian and, what is more, the Court of Chancery recognized, in its April 30, 2021 Memorandum Opinion, that Pincus could charge either TPG or the Escrow Fund.[5]

6.     Lastly, the Court of Chancery's denial of TPG's Rule 59(f) motion, which did not identify principles of law or fact that the court misapprehended or

---

[3] Order Resolving Resp'ts' Mot. to Terminate the Escrow Agreement at 6, *In re TransPerfect Global, Inc.*, C.A. No. 9700-CM (Del. Ch. Nov. 1, 2021), Dkt. 1676.

[4] We reject TPG's contention that they effectively abandoned the claims on appeal, thus transforming the Court of Chancery's order denying the claims into a final, non-appealable order. As we recognized, TPG "[brought] eight distinct objections to the reasonableness of the entirety of the $3,242,251 award." *Pincus*, 278 A.3d at 653. Because that amount includes at least $274,887 in fees and expenses owed to Pincus for defending TPG's Motions, the claims were not abandoned. App. to Opening Br. at A03118.

[5] *In re TransPerfect Global, Inc.*, 2021 WL 1711797, at *49 (Del. Ch. Apr. 30, 2021). *See Pincus*, 278 A.3d at 659 (finding that the Court of Chancery did not abuse its discretion in permitting Pincus to charge TPG and noting that Pincus is "also authorized to charge the Escrow [Fund]").

3

overlooked or language in the court's November 1, 2021 Order requiring clarification, was not an abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery be AFFIRMED on the basis of and for the reasons stated in its November 1, 2021 Order and March 17, 2022 Letter Decision.[6]

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] Order Resolving Resp'ts' Mot. to Terminate the Escrow Agreement, *In re TransPerfect Global, Inc.*, C.A. No. 9700-CM (Del. Ch. Nov. 1, 2021), Dkt. 1676; Letter Decision, *In re TransPerfect Global, Inc.*, C.A. No. 9700-CM (Del. Ch. Mar. 17, 2022), Dkt. 1685.